IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 22, 2000

## STATE OF TENNESSEE v. RICKY EUGENE COFER

**Direct Appeal from the Criminal Court for Roane County**
**No. 11738      E. Eugene Eblen, Judge**

---

**No. E2000-00532-CCA-R3-CD**
**December 15, 2000**

---

Defendant was indicted for aggravated robbery, and a Roane County jury found him guilty of the lesser offense of simple robbery, a Class C felony. The trial court sentenced him to six years as a Range II, multiple offender, to be served consecutively to a prior Anderson County sentence. In this appeal, defendant makes the following allegations: (1) the evidence was insufficient to support his conviction; (2) the jury foreman impermissibly interjected extraneous information into the jury deliberations; and (3) consecutive sentences were not warranted. Upon our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Joe H. Walker, District Public Defender; Roland E. Cowden and Walter B. Johnson II, Assistant District Public Defenders, Harriman, Tennessee, for the appellant, Ricky Eugene Cofer.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Frank A. Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## **OPINION**

Although indicted for aggravated robbery, defendant was found guilty by a jury of simple robbery. The trial court sentenced him to six years as a Range II, multiple offender, to be served consecutively to a prior Anderson County sentence. In this appeal, defendant alleges: (1) the evidence was insufficient to support his conviction; (2) the jury foreman impermissibly interjected extraneous information into the jury deliberations; and (3) consecutive sentences were not warranted. We affirm the judgment of the trial court in all respects.

## FACTS

The state's proof revealed that on September 28, 1997, at approximately 9:45 p.m., defendant entered the Spur Station convenience store in Harriman, Tennessee. The store clerk testified that the defendant said he had a gun, put his hand underneath his sweatshirt, pointed something at her, and stated, "give me the money." She testified that she subsequently gave him over $3,000 in cash from the cash register because she was "afraid." She testified that she was still "terrified" when the police arrived. The store clerk later identified the defendant in a photo lineup and again identified him at trial.

The only proof presented by the defendant consisted of testimony by the defendant's girlfriend, who stated the defendant had a moustache throughout the last fifteen years. This was contradictory to the store clerk's original description of the suspect as having no facial hair.

## SUFFICIENCY OF THE EVIDENCE

The defendant claims that the state failed to prove the money was taken by violence or by placing the clerk in fear as required by Tenn. Code Ann. § 39-13-401(a). Specifically, the defendant contends the clerk's testimony revealed that she did not actually see a weapon, and there were no threats made by the perpetrator. Therefore, he contends the state failed to prove a critical element of the crime of robbery.

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

We disagree with the defendant's assessment of the evidence and find that the evidence was sufficient to support the defendant's conviction for simple robbery. The clerk not only responded

affirmatively to the prosecutor's question regarding whether she gave the defendant the money because she was "afraid," but she also testified that she was still "terrified" when the police arrived. Furthermore, she testified that the defendant stated he had a gun. Even though she never saw the weapon, the clerk stated that she believed the defendant had a weapon concealed under his sweatshirt. Thus, we conclude the jury could have reasonably found that the defendant "intentionally or knowingly" took the money from the clerk by "putting the [clerk] in fear." *See* Tenn. Code Ann. § 39-13-401(a).

This issue is without merit.

## JURY MISCONDUCT

The defendant contends the jury foreman, a former warden with the Tennessee Department of Correction, improperly provided the jury with "extraneous" and "prejudicial" information in an effort to force the jury to compromise and reach a verdict. *See* Tenn. R. Evid. 606(b). Thus, he argues the trial court should have accepted evidence in the form of an affidavit from his attorney describing the misconduct and should have further inquired into the validity of the verdict.

At the motion for new trial, the defendant introduced an affidavit by his attorney averring that the jury foreman stated to the attorney that the foreman told the jurors that they must continue deliberations until a verdict was reached. In his affidavit, defense counsel claimed he was approached after trial by the jury foreman who informed him that the jury was "hung," and he told the jury of his past position with the Tennessee Department of Correction and that they must continue deliberations until a verdict was reached. The state objected to the introduction of this evidence arguing that the statements made by the foreman were not "extraneous prejudicial information" as anticipated by Tenn. R. Evid. 606(b). The state further argued that even if this information fell under the Rule 606(b) exception, it was improper to introduce it through a third-party affidavit. The trial court overruled the defendant's motion for new trial.

Parties seeking a new trial based on alleged jury misconduct must at the outset satisfy the court that they have admissible evidence on the issue. When the evidence comes from the jurors themselves, its admissibility is governed by Tenn. R. Evid. 606(b). The rule precludes inquiries into the jury's deliberative process while allowing juror evidence concerning objective incidents or events that constitute external or extraneous influences on the jury. The rule permits jurors to testify only concerning (1) extraneous prejudicial information, (2) outside influence, or (3) antecedent agreements to be bound by a quotient or majority result. Goss v. Hutchins, 751 S.W.2d 821, 828 (Tenn. 1988).

The Supreme Court has noted that "extraneous information" is information from a source outside the jury. State v. Coker, 746 S.W.2d 167, 171 (Tenn. 1987). Specifically, this court has held that a juror's testimony concerning pressure or intimidation exerted by other jurors is an internal

matter that does not involve extraneous information or "outside influence." *See* <u>State v. Hailey</u>, 658 S.W.2d 547, 553 (Tenn. Crim. App. 1984).

The foreman's alleged statements that he believed the jury must continue to deliberate until they could reach a verdict was not external information as contemplated by Tenn. R. Evid. 606(b). Thus, we conclude that even if an affidavit had been presented from one of the jurors relating the events described in counsel's affidavit, such evidence would not have been admissible under Tenn. R. Evid. 606(b). The trial court did not err in failing to further inquire into the validity of the verdict based upon counsel's affidavit.

This issue is without merit.

## CONSECUTIVE SENTENCING

Defendant argues the trial court failed to make proper findings with regard to consecutive sentencing. Specifically, he contends the trial court erred in running this six-year sentence consecutively to a prior fifteen-year sentence for aggravated robbery in Anderson County.

The trial court failed to make any findings on the record with regard to consecutive sentencing. Thus, we review this issue *de novo* without any presumption of correctness. <u>State v. Poole</u>, 945 S.W.2d 93, 96 (Tenn. 1997).

However, we find by a preponderance of the evidence that "[t]he defendant is an offender whose record of criminal activity is extensive." *See* Tenn. Code Ann. § 40-35-115(b)(2). The defendant has prior felony convictions for aggravated robbery, aggravated burglary, third degree burglary, theft of property over $1,000, and petit larceny. In addition, defendant has a 1990 conviction for driving under the influence.

Additionally, we find that the length of sentence is "justly deserved in relation to the seriousness of the offense" and is "no greater than that deserved for the offense committed." <u>State v. Lane</u>, 3 S.W.3d 456, 460 (Tenn. 1999) (citing Tenn. Code Ann. §§ 40-35-102(1) and 103(2)). Therefore, we conclude the trial court did not err in ordering this sentence to be served consecutively to the Anderson County sentence.

## CONCLUSION

Upon our review of the record, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE